IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
ROCHELLE L. RUSSELL (Cal. Bar No. 244992)
Attorney, U.S. Department of Justice
Environmental Defense Section
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6566; Fax: (415) 744-6476
Email: rochelle.russell@usdoj.gov
*Attorneys for Defendant Lisa P. Jackson, Administrator of EPA*

EMMA C. CHEUSE (Appearing *Pro Hac Vice*, D.C. Bar No. 488201 )
JAMES S. PEW (Appearing *Pro Hac Vice*, D.C. Bar No. 448830)
Earthjustice
1625 Massachusetts Avenue, N.W., Suite 702
Washington, D.C. 20036
Tel: (202) 667-4500; Fax: (202) 667-2356
Email: echeuse@earthjustice.org
Email: jpew@earthjustice.org

SARAH H. BURT (Cal. Bar No. 250378)
Earthjustice
426 17th Street, 6th Floor
Oakland, CA 94612
Tel: (510) 550-6700
Email: sburt@earthjustice.org
*Attorneys for Plaintiff Sierra Club*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| SIERRA CLUB, | Case No. 09-cv-00152 SBA |
| Plaintiff, | **CONSENT DECREE** |
| v. | |
| LISA P. JACKSON, Administrator, United States Environmental Protection Agency, in her official capacity, | |
| Defendant. | |

WHEREAS, on January 13, 2009, Plaintiff Sierra Club filed the above-captioned matter against Lisa P. Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant");[1]

WHEREAS, Plaintiff alleges that EPA failed to perform its obligations under Clean Air Act ("CAA") section 112(d)(6), 42 U.S.C. § 7412(d)(6), to "review, and revise as necessary (taking into account developments in practices, processes, and control technologies)" the section 112(d) emission standards identified in Paragraph 1 of the Complaint within 8 years of the promulgation of such standards, *see* Compl. ¶¶ 1, 26 (Dkt. No. 1);

WHEREAS, Plaintiff alleges that for each source category identified in the Complaint, EPA failed to perform its obligations under CAA section 112(f)(2), 42 U.S.C. § 7412(f)(2), within 8 years of the promulgation of the section 112(d) emission standards identified in Paragraph 1 of the Complaint, to "promulgate standards [under section 112(f)(2)] for such category or subcategory if promulgation of such standards is required in order to provide an ample margin of safety to protect public health . . . or to prevent, taking into consideration costs, energy, safety, and other relevant factors, an adverse environmental effect," *see* Compl. ¶¶ 1, 27;

WHEREAS, the Complaint identifies 28 source categories for which EPA has allegedly failed to complete its CAA section 112(d)(6) and (f)(2) obligations, *see* Compl. ¶¶ 1, 13;

WHEREAS, the emission standards for these 28 source categories are set forth in 27 different National Emission Standards for Hazardous Air Pollutants ("NESHAP"), which are listed in the Complaint by the relevant Federal Register notice, and include the following, *see* Compl. ¶¶ 1, 13:

(1) Marine Tank Vessel Loading Operations, 60 Fed. Reg. 48,388 (Sept. 19, 1995) (40 C.F.R. pt. 63 subpt. Y), Compl. ¶ 13(6);

(2) Pharmaceuticals Production, 63 Fed. Reg. 50,280 (Sept. 21, 1998) (40 C.F.R. pt. 63 subpt. GGG), Compl. ¶ 13(10);

---

[1] Lisa P. Jackson has been substituted for Stephen L. Johnson as Defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d).

(3) Printing and Publishing Industry, 61 Fed. Reg. 27,132 (May 30, 1996) (40 C.F.R. pt. 63 subpt. KK), Compl. ¶ 13(19);

(4) Hard and Decorative Chromium Electroplating and Chromium Anodizing Tanks, 60 Fed. Reg. 4,948 (Jan. 25, 1995) (40 C.F.R. pt. 63 subpt. N), Compl. ¶ 13(2);

(5) Steel Pickling – HCl Process Facilities and Hydrochloric Acid Regeneration Plants, 64 Fed. Reg. 33,202 (June 22, 1999) (40 C.F.R. pt. 63 subpt. CCC), Compl. ¶ 13(24);

(6) Group I Polymers and Resins,[2] 61 Fed. Reg. 46,906 (Sept. 5, 1996) (40 C.F.R. pt. 63 subpt. U), Compl. ¶ 13(13);

(7) Shipbuilding and Ship Repair (Surface Coating) Operations, 60 Fed. Reg. 64,330 (Dec. 15, 1995) (40 C.F.R. pt. 63 subpt. II), Compl. ¶ 13(23);

(8) Wood Furniture Manufacturing Operations, 60 Fed. Reg. 62,930 (Dec. 7, 1995) (40 C.F.R. pt. 63 subpt. JJ), Compl. ¶ 13(25);

(9) Primary Lead Smelting, 64 Fed. Reg. 30,194 (June 4, 1999) (40 C.F.R. pt. 63 subpt. TTT), Compl. ¶ 13(18);

(10) Secondary Lead Smelting, 60 Fed. Reg. 32,587 (June 23, 1995) (40 C.F.R. pt. 63 subpt. X), Compl. ¶ 13(22);

(11) Pulp and Paper Production Industry, 63 Fed. Reg. 18,504 (Apr. 15, 1998) (40 C.F.R. pt. 63 subpt. S), Compl. ¶ 13(20);

(12) Aerospace Manufacturing and Rework Facilities, 60 Fed. Reg. 45,948 (Sept. 1, 1995) (40 C.F.R. pt. 63 subpt. GG), Compl. ¶ 13(1);

(13) Mineral Wool Production, 64 Fed. Reg. 29,490 (June 1, 1999) (40 C.F.R. pt. 63 subpt. DDD), Compl. ¶ 13(7);

---

[2] The Group I Polymers and Resins NESHAP addresses nine different categories.  On December 16, 2008, EPA published a final determination under sections 112(d)(6) and 112(f)(2) for the following four Group I Polymers and Resins categories:  Polysulfide Rubber Production; Ethylene Propylene Rubber Production; Butyl Rubber Production; and Neoprene Production. *See* 73 Fed. Reg. 76,220.  The allegations in Plaintiff's Complaint address only the five Group I Polymers and Resins categories not covered by the December 2008 action.  These categories are as follows:  Epicholorohydrin Elastomers Production; Hypalon™ Production; Nitrile Butadiene Rubber Production; Polybutadiene Rubber Production; and Styrene Butadiene Rubber and Latex Production.

(14) Primary Aluminum Reduction Plants, 62 Fed. Reg. 52,384 (Oct. 7, 1997) (40 C.F.R. pt. 63 subpt. LL), Compl. ¶ 13(17);

(15) Ferroalloys Production: Ferromanganese and Silicomanganese, 64 Fed. Reg. 27,450 (May 20, 1999) (40 C.F.R. pt. 63 subpt. XXX), Compl. ¶ 13(3);

(16) Wool Fiberglass Manufacturing, 64 Fed. Reg. 31,695 (June 14, 1999) (40 C.F.R. pt. 63 subpt. NNN), Compl. ¶ 13(26);

(17) Secondary Aluminum Production, 65 Fed. Reg. 15,690 (Mar. 23, 2000) (40 C.F.R. pt. 63 subpt. RRR), Compl. ¶ 13(21);

(18) Pesticide Active Ingredient Production, 64 Fed. Reg. 33,550 (June 23, 1999) (40 C.F.R. pt. 63 subpt. MMM), Compl. ¶ 13(9);

(19) Polyether Polyols Production, 64 Fed. Reg. 29,420 (June 1, 1999) (40 C.F.R. pt. 63 subpt. PPP), Compl. ¶ 13(12);

(20) Group IV Polymers and Resins, 61 Fed. Reg. 48,208 (Sept. 12, 1996) (40 C.F.R. pt. 63 subpt. JJJ), Compl. ¶ 13(15);

(21) Flexible Polyurethane Foam Production, 63 Fed. Reg. 53,980 (Oct. 7, 1998) (40 C.F.R. pt. 63 subpt. III), Compl. ¶ 13(4);

(22) Generic MACT- Acrylic and Modacrylic Fibers Production, 64 Fed. Reg. 34,854 (June 29, 1999) (40 C.F.R. pt. 63 subpt. YY), Compl. ¶ 13(5);

(23) Generic MACT- Polycarbonate Production, 64 Fed. Reg. 34,854 (June 29, 1999) (40 C.F.R. pt. 63 subpt. YY), Compl. ¶ 13(5);

(24) Off-Site Waste and Recovery Operations, 61 Fed. Reg. 34,140 (July 1, 1996) (40 C.F.R. pt. 63 subpt. DD), Compl. ¶ 13(8);

(25) Phosphoric Acid Manufacturing, 64 Fed. Reg. 31,358 (June 10, 1999) (40 C.F.R. pt. 63 subpt. AA), Compl. ¶ 13(11);

(26) Phosphate Fertilizers Production Plants, 64 Fed. Reg. 31,358 (June 10, 1999) (40 C.F.R. pt. 63 subpt. BB), Compl. ¶ 13(11);

(27) Group III Polymers and Resins–Manufacture of Amino/Phenolic Resins, 65 Fed. Reg. 3,276 (Jan. 20, 2000) (40 C.F.R. pt. 63 subpt. OOO), Compl. ¶ 13(14);

1    (28) Portland Cement Manufacturing Industry, 64 Fed. Reg. 31,898 (June 14, 1999) (40

2    C.F.R. pt. 63 subpt. LLL), Compl. ¶ 13(16).[3]

3    WHEREAS, the relief requested in the Complaint includes, among other things, an order

4    from this Court to establish a date certain by which EPA must fulfill each of its listed obligations

5    for each of the source categories listed herein;

6    WHEREAS, EPA has not taken final action pursuant to CAA sections 112(d)(6) or

7    112(f)(2) with respect to the source categories identified in the Complaint, *see* EPA Answer ¶ 13

8    (Dkt. No. 43);

9    WHEREAS, Plaintiff and EPA have agreed to a settlement of this action without

10   admission of any issue of fact or law, except as expressly provided herein;

11   WHEREAS, Plaintiff and EPA, by entering into this Consent Decree, do not waive or

12   limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

13   WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and

14   equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

15   WHEREAS, it is in the interest of the public, Plaintiff Sierra Club, Defendant EPA, and

16   judicial economy to resolve this matter without protracted litigation;

17   WHEREAS, Plaintiff and EPA agree that this Court has jurisdiction over this matter

18   pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that

19   venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and N.D.

20   Cal. Civ. Local Rule 3-2(c)-(d);

21   WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is

22   fair, reasonable, in the public interest, and consistent with the Clean Air Act;

23

24

25

26   [3] The emission standards for the source categories identified in items 22-23 and 25-26 were
addressed in the same Federal Register notices, 64 Fed. Reg. 34,854 (June 29, 1999) and 64 Fed.

27   Reg. 31,358 (June 10, 1999), respectively, and thus were addressed in the same paragraphs of the
Complaint, as cited above.  For clarity, this Consent Decree identifies each source category by

28   separate paragraph.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff Sierra Club and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1.  For the Marine Tank Vessel Loading Operations source category, the EPA Administrator shall:

(a) no later than September 14, 2010,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart Y ("NESHAP subpart Y") under CAA section 112(d)(6), 42 U.S.C. § 7412(d)(6), or sign a proposed determination that revision of NESHAP subpart Y is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2), 42 U.S.C. § 7412(f)(2), or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than March 31, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart Y under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart Y is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

2.  For the Pharmaceuticals Production source category, the EPA Administrator shall:

(a) no later than September 14, 2010,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart GGG ("NESHAP subpart GGG") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart GGG is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than March 31, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart GGG under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart GGG is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

3.  For the Printing and Publishing Industry source category, the EPA Administrator shall:

(a) no later than September 14, 2010,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart KK ("NESHAP subpart KK") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart KK is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than March 31, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart KK under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart KK is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

1       4.  For the Hard and Decorative Chromium Electroplating and Chromium Anodizing

2  Tanks source category, the EPA Administrator shall:

3       (a) no later than September 14, 2010,

4           (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart N

5           ("NESHAP subpart N") under CAA section 112(d)(6) or sign a proposed

6           determination that revision of NESHAP subpart N is not necessary under CAA

7           section 112(d)(6); and

8           (ii) sign a proposed rule containing residual risk standards for this source category

9           under CAA section 112(f)(2) or sign a proposed determination that promulgation

10          of such standards is not required under CAA section 112(f)(2); and

11       (b) no later than June 30, 2011,

12          (i) sign a final rule promulgating revisions to NESHAP subpart N under CAA

13          section 112(d)(6) or sign a final determination that revision of NESHAP subpart

14          N is not necessary under CAA section 112(d)(6); and

15          (ii) sign a final rule promulgating residual risk standards for this source category

16          under CAA section 112(f)(2) or sign a final determination that promulgation of

17          such standards is not required under CAA section 112(f)(2).

18       5.  For the Steel Pickling–HCl Process Facilities and Hydrochloric Acid Regeneration

19  Plants source category, the EPA Administrator shall:

20       (a) no later than September 14, 2010,

21          (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart CCC

22          ("NESHAP subpart CCC") under CAA section 112(d)(6) or sign a proposed

23          determination that revision of NESHAP subpart CCC is not necessary under CAA

24          section 112(d)(6); and

25          (ii) sign a proposed rule containing residual risk standards for this source category

26          under CAA section 112(f)(2) or sign a proposed determination that promulgation

27          of such standards is not required under CAA section 112(f)(2); and

28       (b) no later than June 30, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart CCC under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart CCC is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

6. For the Group I Polymers and Resins source category,[4] the EPA Administrator shall:

(a) no later than September 14, 2010,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart U ("NESHAP subpart U") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart U is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than June 30, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart U under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart U is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

7. For the Shipbuilding and Ship Repair (Surface Coating) Operations source category, the EPA Administrator shall:

---

[4] As explained in footnote two *supra*, the Group I Polymers and Resins NESHAP addresses nine different categories.  The obligations in this paragraph apply only to the following five Group I Polymers and Resins categories:  Epicholorohydrin Elastomers Production; Hypalon™ Production; Nitrile Butadiene Rubber Production; Polybutadiene Rubber Production; and Styrene Butadiene Rubber and Latex Production.

(a) no later than December 3, 2010,

    (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart II ("NESHAP subpart II") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart II is not necessary under CAA section 112(d)(6); and

    (ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2011,

    (i) sign a final rule promulgating revisions to NESHAP subpart II under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart II is not necessary under CAA section 112(d)(6); and

    (ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

8. For the Wood Furniture Manufacturing Operations source category, the EPA Administrator shall:

(a) no later than December 3, 2010,

    (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart JJ ("NESHAP subpart JJ") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart JJ is not necessary under CAA section 112(d)(6); and

    (ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart JJ under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart JJ is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

9.   For the Primary Lead Smelting source category, the EPA Administrator shall:

(a) no later than January 31, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart TTT ("NESHAP subpart TTT") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart TTT is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart TTT under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart TTT is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

10.   For the Secondary Lead Smelting source category, the EPA Administrator shall:

(a) no later than April 29, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart X ("NESHAP subpart X") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart X is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than December 16, 2011,

(i) sign a final rule promulgating revisions to NESHAP subpart X under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart X is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

11.  For the Pulp and Paper Production Industry source category, the EPA Administrator shall:

(a) no later than June 15, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart S ("NESHAP subpart S") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart S is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than January 31, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart S under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart S is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

1      12.  For the Aerospace Manufacturing and Rework Facilities source category, the EPA

2  Administrator shall:

3      (a) no later than August 31, 2011,

4          (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart GG

5          ("NESHAP subpart GG") under CAA section 112(d)(6) or sign a proposed

6          determination that revision of NESHAP subpart GG is not necessary under CAA

7          section 112(d)(6); and

8          (ii) sign a proposed rule containing residual risk standards for this source category

9          under CAA section 112(f)(2) or sign a proposed determination that promulgation

10         of such standards is not required under CAA section 112(f)(2); and

11     (b) no later than June 29, 2012,

12         (i) sign a final rule promulgating revisions to NESHAP subpart GG under CAA

13         section 112(d)(6) or sign a final determination that revision of NESHAP subpart

14         GG is not necessary under CAA section 112(d)(6); and

15         (ii) sign a final rule promulgating residual risk standards for this source category

16         under CAA section 112(f)(2) or sign a final determination that promulgation of

17         such standards is not required under CAA section 112(f)(2).

18     13.  For the Mineral Wool Production source category, the EPA Administrator shall:

19     (a) no later than October 31, 2011,

20         (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart DDD

21         ("NESHAP subpart DDD") under CAA section 112(d)(6) or sign a proposed

22         determination that revision of NESHAP subpart DDD is not necessary under

23         CAA section 112(d)(6); and

24         (ii) sign a proposed rule containing residual risk standards for this source category

25         under CAA section 112(f)(2) or sign a proposed determination that promulgation

26         of such standards is not required under CAA section 112(f)(2); and

27     (b) no later than June 29, 2012,

28

(i) sign a final rule promulgating revisions to NESHAP subpart DDD under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart DDD is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

14.  For the Primary Aluminum Reduction Plants source category, the EPA Administrator shall:

(a) no later than October 31, 2011,

(i) sign a proposed rule containing revisions to the 40 C.F.R. part 63, subpart LL ("NESHAP subpart LL") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart LL is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than June 29, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart LL under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart LL is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

15.  For the Ferroalloys Production: Ferromanganese and Silicomanganese source category, the EPA Administrator shall:

(a) no later than October 31, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart XXX ("NESHAP subpart XXX") under CAA section 112(d)(6) or sign a proposed

1    determination that revision of NESHAP subpart XXX is not necessary under

2    CAA section 112(d)(6); and

3        (ii) sign a proposed rule containing residual risk standards for this source category

4    under CAA section 112(f)(2) or sign a proposed determination that promulgation

5    of such standards is not required under CAA section 112(f)(2); and

6    (b) no later than June 29, 2012,

7        (i) sign a final rule promulgating revisions to the NESHAP subpart XXX under

8    CAA section 112(d)(6) or sign a final determination that revision of NESHAP

9    subpart XXX is not necessary under CAA section 112(d)(6); and

10       (ii) sign a final rule promulgating residual risk standards for this source category

11   under CAA section 112(f)(2) or sign a final determination that promulgation of

12   such standards is not required under CAA section 112(f)(2).

13   16.  For the Wool Fiberglass Manufacturing source category, the EPA Administrator

14   shall:

15   (a) no later than October 31, 2011,

16       (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart NNN

17   ("NESHAP subpart NNN") under CAA section 112(d)(6) or sign a proposed

18   determination that revision of NESHAP subpart NNN is not necessary under

19   CAA section 112(d)(6); and

20       (ii) sign a proposed rule containing residual risk standards for this source category

21   under CAA section 112(f)(2) or sign a proposed determination that promulgation

22   of such standards is not required under CAA section 112(f)(2); and

23   (b) no later than June 29, 2012,

24       (i) sign a final rule promulgating revisions to NESHAP subpart NNN under CAA

25   section 112(d)(6) or sign a final determination that revision of NESHAP subpart

26   NNN is not necessary under CAA section 112(d)(6); and

27

28

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

17.  For the Secondary Aluminum Production source category, the EPA Administrator shall:

(a) no later than November 30, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart RRR ("NESHAP subpart RRR") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart RRR is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than August 31, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart RRR under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart RRR is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

18.  For the Pesticide Active Ingredient Production source category, the EPA Administrator shall:

(a) no later than November 30, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart MMM ("NESHAP subpart MMM") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart MMM is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than November 30, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart MMM under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart MMM is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

19.  For the Polyether Polyols Production source category, the EPA Administrator shall:

(a) no later than November 30, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart PPP ("NESHAP subpart PPP") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart PPP is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than November 30, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart PPP under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart PPP is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

20.  For the Group IV Polymers and Resins source category, the EPA Administrator shall:

(a) no later than November 30, 2011,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart JJJ ("NESHAP subpart JJJ") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart JJJ is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than November 30, 2012,

(i) sign a final rule promulgating revisions to NESHAP subpart JJJ under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart JJJ is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

21.  For the Flexible Polyurethane Foam Production source category, the EPA Administrator shall:

(a) no later than October 31, 2012,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart III ("NESHAP subpart III") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart III is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2013,

(i) sign a final rule promulgating revisions to NESHAP subpart III under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart III is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

22.  For the Acrylic and Modacrylic Fibers Production source category, the EPA Administrator shall:

(a) no later than October 31, 2012,

(i) sign a proposed rule containing revisions to the standards for this source category in 40 C.F.R. part 63, subpart YY ("NESHAP subpart YY") under CAA section 112(d)(6) or sign a proposed determination that revision to the standards for this source category in NESHAP subpart YY is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2013,

(i) sign a final rule promulgating revisions to the standards for this source category in NESHAP subpart YY under CAA section 112(d)(6) or sign a final determination that  revision of the standards for this source category in NESHAP subpart YY is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

23.  For the Polycarbonate Production source category, the EPA Administrator shall:

(a) no later than October 31, 2012,

(i) sign a proposed rule containing revisions to the standards for this source category in 40 C.F.R. part 63, subpart YY ("NESHAP subpart YY") under CAA section 112(d)(6) or sign a proposed determination that revision of the standards for this source category in NESHAP subpart YY is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2013,

(i) sign a final rule promulgating revisions to the standards for this source category in NESHAP subpart YY under CAA section 112(d)(6) or sign a final determination that revision of the standards in NESHAP subpart YY for this source category is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

24.  For the Off-Site Waste and Recovery Operations source category, the EPA Administrator shall:

(a) no later than October 31, 2012,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart DD ("NESHAP subpart DD") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart DD is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than October 31, 2013,

1    (i) sign a final rule promulgating revisions to NESHAP subpart DD under CAA

2    section 112(d)(6) or sign a final determination that revision of NESHAP subpart

3    DD is not necessary under CAA section 112(d)(6); and

4    (ii) sign a final rule promulgating residual risk standards for this source category

5    under CAA section 112(f)(2) or sign a final determination that promulgation of

6    such standards is not required under CAA section 112(f)(2).

7    25.  For the Phosphoric Acid Manufacturing source category, the EPA Administrator

8    shall:

9    (a) no later than October 31, 2012,

10    (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart AA

11    ("NESHAP subpart AA") under CAA section 112(d)(6) or sign a proposed

12    determination that revision of NESHAP subpart AA is not necessary under CAA

13    section 112(d)(6); and

14    (ii) sign a proposed rule containing residual risk standards for this source category

15    under CAA section 112(f)(2) or sign a proposed determination that promulgation

16    of such standards is not required under CAA section 112(f)(2); and

17    (b) no later than October 31, 2013,

18    (i) sign a final rule promulgating revisions to NESHAP subpart AA under CAA

19    section 112(d)(6) or sign a final determination that revision of NESHAP subpart

20    AA is not necessary under CAA section 112(d)(6); and

21    (ii) sign a final rule promulgating residual risk standards for this source category

22    under CAA section 112(f)(2) or sign a final determination that promulgation of

23    such standards is not required under CAA section 112(f)(2).

24    26.  For the Phosphate Fertilizers Production Plants source category, the EPA

25    Administrator shall:

26    (a) no later than October 31, 2012,

27    (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart BB

28    ("NESHAP subpart BB") under CAA section 112(d)(6) or sign a proposed

1    determination that revision of NESHAP subpart BB is not necessary under CAA

2    section 112(d)(6); and

3    (ii) sign a proposed rule containing residual risk standards for this source category

4    under CAA section 112(f)(2) or sign a proposed determination that promulgation

5    of such standards is not required under CAA section 112(f)(2); and

6    (b) no later than October 31, 2013,

7    (i) sign a final rule promulgating revisions to NESHAP subpart BB under CAA

8    section 112(d)(6) or sign a final determination that revision of NESHAP subpart

9    BB is not necessary under CAA section 112(d)(6); and

10    (ii) sign a final rule promulgating residual risk standards for this source category

11    under CAA section 112(f)(2) or sign a final determination that promulgation of

12    such standards is not required under CAA section 112(f)(2).

13    27.  For the Group III Polymers and Resins – Manufacture of Amino/Phenolic Resins

14    source category, the EPA Administrator shall:

15    (a) no later than October 31, 2012,

16    (i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart OOO

17    ("NESHAP subpart OOO") under CAA section 112(d)(6) or sign a proposed

18    determination that revision of NESHAP subpart OOO is not necessary under

19    CAA section 112(d)(6); and

20    (ii) sign a proposed rule containing residual risk standards for this source category

21    under CAA section 112(f)(2) or sign a proposed determination that promulgation

22    of such standards is not required under CAA section 112(f)(2); and

23    (b) no later than October 31, 2013,

24    (i) sign a final rule promulgating revisions to NESHAP subpart OOO under CAA

25    section 112(d)(6) or sign a final determination that revision of NESHAP subpart

26    OOO is not necessary under CAA section 112(d)(6); and

27

28

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

28.  For the Portland Cement Manufacturing Industry source category, the EPA Administrator shall:

(a) no later than June 15, 2017,

(i) sign a proposed rule containing revisions to 40 C.F.R. part 63, subpart LLL ("NESHAP subpart LLL") under CAA section 112(d)(6) or sign a proposed determination that revision of NESHAP subpart LLL is not necessary under CAA section 112(d)(6); and

(ii) sign a proposed rule containing residual risk standards for this source category under CAA section 112(f)(2) or sign a proposed determination that promulgation of such standards is not required under CAA section 112(f)(2); and

(b) no later than June 15, 2018,

(i) sign a final rule promulgating revisions to NESHAP subpart LLL under CAA section 112(d)(6) or sign a final determination that revision of NESHAP subpart LLL is not necessary under CAA section 112(d)(6); and

(ii) sign a final rule promulgating residual risk standards for this source category under CAA section 112(f)(2) or sign a final determination that promulgation of such standards is not required under CAA section 112(f)(2).

29.  Within fifteen (15) business days of signing a proposed or final rule or proposed or final determination as described in Paragraphs 1 through 28 of this Consent Decree, EPA shall deliver it to the Office of the Federal Register for prompt publication.  In addition, EPA shall provide notice and make available to Plaintiff a copy of each such rule or determination within five (5) business days of delivery to the Office of the Federal Register.

30.  Once EPA has completed all of the actions set forth in Paragraphs 1 through 29 of this Consent Decree, EPA may move to have this Decree terminated.  Plaintiff shall have fourteen (14) days in which to respond to such motion.

31.  The deadlines established in Paragraphs 1 through 28 may be extended (a) by written stipulation of Plaintiff and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown and upon consideration of any response by Plaintiff.  Any other provision of this Consent Decree may be modified by the Court following motion of either Plaintiff or EPA for good cause shown and upon consideration of any response by the non-moving party.

32.  In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  These parties shall meet and confer in order to attempt to resolve the dispute.  If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

33.  No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be filed unless the procedure set forth in Paragraph 32 has been followed.

34.  This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorney fees.

35.  Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree, (b) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), or (c) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

36.  Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree.  EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

37.  Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

38.  EPA and Plaintiff agree that, pursuant to CAA section 304(d), 42 U.S.C. § 7604(d), Plaintiff is both eligible and entitled to recover its costs of litigation in this action, including reasonable attorney fees, incurred prior to entry of this Consent Decree.  The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation, including reasonable attorney fees, pursuant to Local Rule 54-6 for activities performed in this case prior to entry of this Consent Decree, is hereby extended until 90 days after the date on which the Court enters this Consent Decree.  During this time the parties shall seek to resolve informally any claim for costs of litigation, including reasonable attorney fees.

39.  Plaintiff reserves the right to seek additional costs of litigation, including reasonable attorney fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiff's need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action.  EPA reserves the right to oppose any such request for additional costs of litigation, including reasonable attorney fees.

40.  It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA.  Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

41.  The parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA

section 113(g).  If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

42.  Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiff Sierra Club:   Emma C. Cheuse
                             James S. Pew
                             Earthjustice
                             1625 Massachusetts Avenue, N.W., Suite 702
                             Washington, D.C. 20036
                             Tel: (202) 667-4500
                             Email: echeuse@earthjustice.org
                             Email: jpew@earthjustice.org

                             Sarah H. Burt
                             Earthjustice
                             426 17th Street, 6th Floor
                             Oakland, CA 94612
                             Tel: (510) 550-6700
                             Email: sburt@earthjustice.org

For Defendant EPA:           Rochelle L. Russell
                             U.S. Department of Justice
                             Environment & Natural Resources Division
                             301 Howard Street, Suite 1050
                             San Francisco, CA 94105
                             Tel: (415) 744-6566
                             Email: rochelle.russell@usdoj.gov

43.  EPA and Plaintiff recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

44.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

45.  The undersigned representatives of Plaintiff Sierra Club and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this 26th day of September 2011.

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2 COUNSEL FOR PLAINTIFF:

3 Date:   September 27, 2010                  /s/ Emma C. Cheuse
                                             EMMA C. CHEUSE
4                                            (Appearing *Pro Hac Vice*, D.C. Bar No. 488201 )
                                             JAMES S. PEW
5                                            (Appearing *Pro Hac Vice*, D.C. Bar No. 448830)
6                                            Earthjustice
                                             1625 Massachusetts Avenue, NW, Suite 702
7                                            Washington, D.C. 20036
                                             Tel: (202) 667-4500
8                                            Email: echeuse@earthjustice.org
9                                            Email: jpew@earthjustice.org

10                                           SARAH H. BURT (Cal. Bar No. 250378)
11                                           Earthjustice
                                             426 17th Street, 6th Floor
12                                           Oakland, CA 94612
                                             Tel: (510) 550-6700
13                                           Email: sburt@earthjustice.org

14                                           *Attorneys for Plaintiff Sierra Club*

15

16 COUNSEL FOR DEFENDANT:

                                             IGNACIA S. MORENO
16                                           Assistant Attorney General
17                                           Environment & Natural Resources Division

18                                           /s/ Rochelle L. Russell
19 Date:   September 27, 2010                ROCHELLE L. RUSSELL
                                             Attorney, U.S. Department of Justice
20                                           Environmental Defense Section
                                             301 Howard Street, Suite 1050
21                                           San Francisco, CA 94105
22                                           Tel: (415) 744-6566
                                             Email: rochelle.russell@usdoj.gov
23
                                             *Attorneys for Defendant EPA*
24

25

26

27

28

CONSENT DECREE                    28                    Case No. 09-cv-00152 SBA